```
IN THE UNITED STATES DISTRICT COURT FOR THE
          EASTERN DISTRICT OF OKLAHOMA
```

SUSAN JAMES,                    )
                                )
        Plaintiff,              )
                                )
v.                              )    Case No. CIV-13-078-RAW-KEW
                                )
CAROLYN W. COLVIN, Acting       )
Commissioner of Social          )
Security Administration,        )
                                )
        Defendant.              )

## REPORT AND RECOMMENDATION

Plaintiff Susan James (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or

impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

(10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on November 14, 1966 and was 45 years old at the time of the ALJ's decision. Claimant completed her high school education with some technical training and continuous education in accounting. Claimant has previously worked as a administrative clerk, auditor, school treasurer, stocking clerk, salesperson, and general manager. Claimant alleges an inability to work beginning August 1, 2008 due to limitations resulting from fibromyalgia and

3

bipolar disorder.

**Procedural History**

On July 22, 2010, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On November 3, 2011, an administrative hearing was held before Administrative Law Judge ("ALJ") Michael Kirkpatrick in McAlester, Oklahoma. By decision dated November 30, 2011, the ALJ denied Claimant's request for benefits. The Appeals Council denied review of the ALJ's decision on December 31, 2012. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform a wide range of unskilled light work.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in (1) failing to properly evaluate the severity of Claimant's fibromyalgia; (2)

failing to properly consider the opinions of Claimant's treating physician; and (3) engaging in an improper credibility analysis.

## Consideration of Claimant's Fibromyalgia

In his decision, the ALJ determined Claimant suffered from the severe impairments of fibromyalgia and bipolar disorder. (Tr. 21). He also found Claimant retained the RFC to perform a wide range of light work, concluding Claimant can lift/carry 20 pounds occasionally and 10 pounds frequently, she can stand/walk for about 6 hours in an 8 hour workday and sit for 6 hours in an 8 hour workday. The ALJ also determined Claimant can perform simple, unskilled tasks which does not require interaction with the general public. He also found Claimant could perform sedentary work unless there are additional limiting factors such as loss of fine dexterity or the ability to sit for up to 56 hours during a workday. (Tr. 23). After consultation with a vocational expert, the ALJ determined Claimant could perform the representative jobs of housekeeping cleaner, poultry eviscerator, and inspector in food production, all of which the ALJ determined exist in substantial numbers in the state and national economies. (Tr. 32).

Claimant contends that the ALJ erred in addressing her fibromyalgia condition. On October 8, 2010, Claimant was evaluated by Dr. William Cooper. Dr. Cooper determined Claimant suffered

5

from fibromyalgia and bipolar disorder. (Tr. 262). In reaching this conclusion, he also found Claimant had 12 out of 18 tender points consistent with the diagnosis of fibromyalgia. Id.

The ALJ recognized this finding and determined Claimant's fibromyalgia as a severe impairment. The ALJ, however, went further in finding the condition did not preclude her from working at a light exertional level. The ALJ cited to the medical record and testimony provided at the administrative hearing in concluding that, while Claimant suffers pain - even at a moderate level, the pain is not disabling. (Tr. 30). He noted that Claimant's fibromyalgia pain decreased with medication and that she had been active despite the condition. The ALJ did not doubt Claimant's claims of discomfort but the pain did not rise to the level such that it precluded work. Id.

Claimant - in a rather sarcastically authored brief - contends Defendant and the ALJ "apparently misunderstands Fibromyalgia." Claimant apparently misunderstands the required showing in a social security disability case. The ALJ found Claimant's fibromyalgia to be a severe impairment in accordance with Soc. Sec. R. 12-2p. The inquiry does not end with such a finding. The ALJ must then determine whether the severe impairment precludes work activity at any exertional level. This is accomplished through an assessment

of the RFC, which is an administrative finding to ascertain what an individual can still do despite her limitations. It assesses the extent to which an individual's "impairment(s), and any related symptoms, such as pain, may cause physical and mental limitations that affect what [an individual] can do in a work setting." 20 C.F.R. § 404.1545(a).

To follow Claimant's logic, once the "misunderstood" condition of fibromyalgia is diagnosed, it necessarily poses limitations upon a claimant's ability to engage in work activity. The focus of a disability determination is on the functional consequences of a condition, not the mere diagnosis. *See e.g.* Coleman v. Chater, 58 F.3d 577, 579 (10th Cir. 1995)(the mere presence of alcoholism is not necessarily disabling, the impairment must render the claimant unable to engage in any substantial gainful employment.); Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988)(the mere diagnosis of arthritis says nothing about the severity of the condition), Madrid v. Astrue, 243 Fed.Appx. 387, 392 (10th Cir. 2007)(the diagnosis of a condition does not establish disability, the question is whether an impairment significantly limits the ability to work); Scull v. Apfel, 221 F.3d 1352 (10th Cir. 2000)(unpublished), 2000 WL 1028250, 1 (disability determinations turn on the functional consequences, not the causes of a claimant's condition). Claimant has failed to

meet her burden of establishing that her fibromyalgia limits her ability to engage in basic work activities. The ALJ appropriately cited the record which indicates Claimant's physical condition is minimally affected by the presence of her condition, the treatment of her pain attributed to fibromyalgia has met with some success, and her activities have not been insignificant with the condition. (Tr. 30, 235, 262-66, 272, 274, 276, 278, 280, 327, 328). The ALJ considered the statements of Claimant's mother and husband and Claimant herself but found the statements largely based upon Claimant's subjective complaints to them, which he did not find to be fully credible. (Tr. 28-29). Although Claimant contends the ALJ is substituting his own opinion for that of the medical professionals treating Claimant, she does not direct the Court to a single medical record or medical source statement wherein a treating physician found Claimant's ability to engage in work activity has been compromised by her fibromyalgia. Indeed, the sole record referenced by Claimant was that of Dr. Shalom Palacio-Hollman who performed a Mental Status Examination on Claimant. Dr. Palacio-Hollman does not reference Claimant's fibromyalgia as a basis for the opinion that she is "unlikely to meet the demands of a work environment at this time." Rather, the doctor references only her bipolar disorder in the Prognosis and Recommendation section of the

8

report. (Tr. 269-70). This Court attributes no error to the ALJ's assessment of the effect of Claimant's fibromyalgia upon her ability to work.

### Consideration of Treating Physician's Opinion

Claimant next contends the ALJ failed to properly evaluate her treating physician's opinion. Curiously, Claimant does not identify which treating physician's opinion the ALJ allegedly failed to consider or to which he afforded reduced weight. As such is the case, this Court cannot evaluate this argument as it is insufficiently developed.

### Credibility Assessment

Claimant asserts the ALJ failed to properly consider the credibility of her statements.

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id. Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or

other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3. The ALJ appropriately considered Claimant's testimony but did not find it entirely credible because the medical record did not support the extent of her alleged limitations. The ALJ connected the record with his findings sufficiently to satisfy the regulations' requirements.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **AFFIRMED**. The parties are herewith given

fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief.  Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 14th day of February, 2014.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE